IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN GARCIA,<br><br>                Plaintiff,<br><br>    v.<br><br>JAMES RAMIREZ, STAR 12, et al.,<br><br>                Defendants. | No. 19 C 5831<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM ORDER**

This matter is before the Court on Defendants' Motion to Bifurcate Plaintiff's *Monell* Claim for Trial [ECF No. 43]. Defendants' Motion [ECF No. 43] is denied. See Statement below for further details.

**STATEMENT**

This lawsuit arises from Plaintiff's arrest on September 1, 2017, following a traffic stop that occurred at a DUI Safety Checkpoint at the Great Lakes Naval Base in North Chicago. In his complaint, Plaintiff alleges a claim of excessive force pursuant to 42 U.S.C § 1983 against the Individual Officer Defendants, as well as claims for supervisory liability, failure to intervene, and conspiracy. Plaintiff also asserts a *Monell* claim against Defendant City of North Chicago, alleging the City has knowledge of a pattern and practice of its police officers using excessive force against arrestees and detainees and that the City's failure to take corrective active action allows the unconstitutional conduct to continue.[1] *See generally* First Amended Compl. [ECF No. 15].

Following the close of discovery in this case, Defendants now seek to bifurcate the trial so that Plaintiff would proceed to trial only on his claims against the Individual Officer Defendants

---

[1] *Monell v. New York City Dep't of Soc. Serv's*, 436 U.S. 658 (1978).

and any trial on Plaintiff's *Monell* claim against Defendant City of North Chicago would be postponed. Defendants argue that bifurcation is appropriate to conserve resources and for judicial economy, and to prevent unfair prejudice to the Individual Officer Defendants. Plaintiff opposes bifurcation and wants to go to trial on all his claims against both the Individual Officer Defendants and Defendant City of North Chicago. As discussed more fully below, the Court is not persuaded by Defendants' arguments, and the parties should prepare for trial on all of Plaintiff's claims.

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, a district court has the discretion to decide particular claims or issues in separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize. . . ." FED. R. CIV. P. 42(b). A district court has "considerable discretion" to decide whether to bifurcate claims. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). A review of recent case law reveals that motions to bifurcate *Monell* claims are commonplace in Section 1983 cases and there is a growing body of precedent in this district both for granting and denying bifurcation in Section 1983 cases. *See e.g., Cadle v. City of Chicago*, 2015 WL 6742070, at *1-4 (N.D. Ill. Nov. 2, 2015); *Allison Gallagher*, 2012 WL 4760863, at *1 (N.D. Ill. Oct. 5, 2012); *Ojeda-Beltran v. Lucio,* 2008 WL 2782815, at * 1 (N.D. Ill. July 16, 2008); *Elrod v. City of Chicago,* 2007 WL 3241352, at *2 (N.D. Ill. Nov. 1, 2007). "[T]he decision to grant or deny bifurcation is a heavily fact-intensive analysis, dependent upon costs and benefits of bifurcation under the unique circumstances of each case." *Awalt v. Marketti,* 2012 WL 11615000, at *10 (N.D. Ill. April 9, 2012).

The Court is not persuaded by Defendants' argument that bifurcation would best serve the interest of judicial economy and would conserve resources in this case. To the contrary, in the Court's view, judicial economy considerations weigh strongly against bifurcation. *See King v. Evans*, 2015 WL 4397761, at *1-3 (N.D. Ill. July 17, 2015). Discovery is complete, and the parties

2

are preparing for trial. A pretrial order is due on April 30, 2021. [ECF No. 47]. As such, bifurcation will not save any pretrial resources. *Id*. In response to Defendants' Motion, Plaintiff says he will introduce evidence to support his *Monell* claim through some additional questioning of the Individual Officer Defendants as well as with a couple of additional witnesses who will testify about Defendant City's procedures and patterns and practices. Defendants strain to argue that Plaintiff's *Monell* claim will add a substantial amount of time and complexity to the trial of this case. Allowing all of Plaintiff's claims to proceed to trial together likely will extend the trial by no more than a day or so under these circumstances and will require just a few more rulings and a couple of additional jury instructions from the trial judge.

Defendants also argue that Plaintiff's *Monell* claim may never need to go to trial if the Individual Officer Defendants are found not liable on the underlying excessive force claim. An adverse resolution of Plaintiff's individual claims, however, does not necessarily dispose of his *Monell* claim. *See Thomas v. Cook County Sheriff's Department*, 604 F.3d 293 (7th Cir. 2010). In *Thomas*, the Seventh Circuit made clear that a municipality still could be held liable under *Monell* absent a finding of liability against individual municipal employees so long as the two verdicts are not "inconsistent." 604 F.3d at 305.

Plaintiff argues there are important reasons for him to be able to seek to hold the municipality liable here. The Court agrees. As explained in *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000), there are important non-economic benefits that can be gained from suing a municipality that cannot be accomplished by proceeding against the municipality's employees individually. Foremost among these is the encouragement of reform by the defendant municipality:

> A judgment against a municipality not only holds that entity responsible for its actions and inactions, but also can encourage the municipality to reform the patterns

3

> and practices that led to constitutional violations, as well as alert the municipality and its citizenry to the issue. In short, a finding against officers in their individual capacities does not serve all the purposes of, and is not the equivalent of, a judgment against the municipality.

*Id.* (quoting *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 317-18 (2nd Cir. 1999); *see also Estate of Loury v. City of Chicago*, 2017 WL 1425594, at *2–5 (N.D. Ill. Apr. 20, 2017) (some cases "have remedial importance beyond the individual plaintiff's claim for monetary damages"); *Giles v. City of Chicago*, 2013 WL 6512683, at *3 (N.D. Ill. Dec. 6, 2013).

The Court is not willing to bifurcate Plaintiff's *Monell* claim at this stage in the litigation and prevent Plaintiff from pursuing the complete relief he seeks. Rather, in the Court's view, bifurcating and staying Plaintiff's *Monell* claim at this late stage will create further delay as the parties debate what should and should not be part of the trial of Plaintiff's claims against the Individual Officer Defendants, and judicial economy favors dealing with all claims in a single proceeding.

Defendants also argue that the Individual Officer Defendants will suffer undue prejudice if Plaintiff's claims against them are tried together with the *Monell* claim against Defendant City of North Chicago. The Court disagrees and is not persuaded by the Individual Officer Defendants' broad, conclusory, and boilerplate assertions of undue prejudice. As another judge recognized when denying a motion for separate trials filed by defendants facing different but related claims, "unitary resolution of lawsuits is to be sought. A single trial on the merits of all the contested issues and claims of the parties is preferred to their piecemeal adjudication." *Terrell v. Childers*, 1996 WL 385310, at *14 (N.D. Ill. July 3, 1996). Nothing that Defendants have asserted in their Motion in this case convinces this Court that a bifurcated trial is necessary to prevent undue prejudice to the Individual Officer Defendants.

The Court agrees that it will be important for the trial judge to monitor for any potential prejudice to the Individual Defendant Officers as the individual liability claims and the *Monell* claim proceed simultaneously. As this Court noted in *Cadle*, though, "judges often address and can mitigate potential prejudice that might arise from a unitary trial involving multiple defendants and multiple claims through the use of limiting instructions, motions in limine and the Federal Rules of Evidence. *See, e.g. See Giles v. City of Chicago*, 2013 WL 6512683, at *2 (N.D. Ill. Dec. 6, 2013); *Elrod*, 2007 WL 3241352, at *7; *Medina v. City of Chicago*, 100 F. Supp. 3d 893, 897 (N.D. Ill. June 16, 2000). There is no reason to believe that judicious use of these tools in this case will be inadequate to address issues of potential prejudice that might arise at trial." 2015 WL 6742070, at *3.[2]

Plaintiff alleges that the Individual Officer Defendants caused him serious injuries and then covered up their misconduct. Plaintiff also alleges that the Individual Officer Defendants acted as they did, in part, because they believed they would not face discipline for their actions. With his *Monell* claim, Plaintiff seeks to hold Defendant City liable for its failure to discipline, monitor, supervise and retrain officers who use excessive force against individuals. A civil plaintiff legitimately can sue to obtain such relief, and that relief provides non-monetary benefits not only to Plaintiff but also to society generally. Allowing Plaintiff to proceed to trial on all his claims will allow a jury to consider the entire picture of what Plaintiff alleges happened to him and for the jury to determine whether any or all Defendants' conduct, both the individual police officers and

---

[2] As Senior District Judge Urbom observed in *Terrell v. Childers*, "The defendants have not persuaded me that proper instructions, where necessary, will not eliminate their concerns. Where evidence is to be admitted as to one party or for one purpose, Federal Rule of Evidence 105 directs me to give instructions to the jury 'restrict[ing] the evidence to its proper scope.' FED.R.EVID. 105. Clarifying or limiting instructions are commonly given during trials. I am confident that my experience, along with defense counsel's diligent assistance in this regard, will alleviate any question that the jury reaches a decision on other than proper grounds." *Terrell v. Childers*, 1996 WL 385310, at *14.

the City, violated the law. This is not an insignificant consideration, particularly when measured against the unconvincing reasons Defendants assert in this particular case in support of bifurcation.[3]

Based on the facts of this case and the arguments presented by the parties, the Court is not persuaded by Defendants' arguments in support of bifurcation of Plaintiff's *Monell* claim for trial. Accordingly, Defendants' Motion to Bifurcate Plaintiff's *Monell* Claim for Trial [ECF No. 43] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 5, 2021

---

[3] *See e.g., Cadle*, 2015 WL 6742070, at *3-4, *Ramirez v. City of Chicago, et al.*, 2009 WL3852378 (N.D. Ill. Nov. 17, 2009); *Fairley v. Andrews*, 423 F. Supp. 2d 800, 806 (N.D. Ill. 2006) (court properly denied *Monell* bifurcation motion as a waste of time); *Lopez v. City of Chicago*, 2002 WL 335346, at *2-3 (N.D. Ill. 2002) (denying motion to bifurcate *Monell* claim, in part because it "might decrease the likelihood of the municipality's acting to prevent future violations"); *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000) (denying the City's motion to bifurcate *Monell* claim when City did not demonstrate that officers would be prejudiced by a single trial or that one bifurcated trial would avoid the need for a second trial).