IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jonathan Garcia, <br><br> Plaintiff, <br><br> v. <br><br> North Chicago Police Officer Muhammad Alka, Star #49; North Chicago Police Officer James Ramirez, Star #12; North Chicago Police Officer Marc Keske, Star #58; North Chicago Police Officer Gary Grayer, Star #1848; and North Chicago Police Officer Steven Roberts, Individually and as Employees/Agents of the City of North Chicago; and the City of North Chicago, <br><br> Defendants. | No. 19 CV 5831 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

On August 29, 2019, Plaintiff brought this suit against Defendant Officers, alleging that at a traffic stop on September 1, 2017, Officers Alka, Ramirez, and Grayer of the North Chicago Police Department used excessive force against him in violation of 42 U.S.C. § 1983. Plaintiff also alleges that Officer Keske failed to intervene in his fellow officers' use of force during the same incident, and that Officer Roberts failed to properly supervise them. Plaintiff additionally has brought a *Monell* claim against Defendant City of North Chicago. Trial on all of Plaintiff's claims, including the *Monell* claim, is currently set for March 7, 2022. *See* [ECF Nos. 52, 72]. Now before the Court are a number of motions in limine that must be addressed in

advance of the parties' pretrial conferences on February 1, 2022 and February 11, 2022.

The authority to rule on motions in limine is not expressly contemplated by the Federal Rules of Evidence, but it is inherent in the Court's authority to manage trials. *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002). "[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Id*. "Motions in limine are intended 'to avoid the delay and occasional prejudice caused by objections and offers of proof at trial.'" *Kirkland v. Sigalove*, 2015 WL 231875, at *1 (N.D. Ill. 2015) (quoting *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999)). They perform a "gatekeeping function" and allow the trial judge to exclude evidence that clearly would not be admissible for any purpose. *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997); *see also, Hawthorne Partners v. AT&T Technologies, Inc.,* 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). The moving party bears the burden of proving blanket inadmissibility, *Mason v. City of Chi.*, 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009), and unless evidence meets this high standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners*, 831 F. Supp. at 1400. In the same vein, denial of a motion in limine does not necessarily mean that the evidence contemplated by the motion is admissible. It only means that the court is not able, without more information about the foundation and relevance of the contested evidence in the

context of trial itself, to determine whether that evidence should be excluded. *See Bruce v. City of Chi.,* 2011 WL 3471074, at *1 (N.D. Ill. 2011).

## PLAINTIFF'S MOTIONS IN LIMINE

The parties in this case have filed thirteen total motions in limine now ripe for decision. The Court turns first to Plaintiff's seven motions in limine. [ECF No. 78].

### I. Motion in Limine No. 1

Plaintiff's Motion in Limine No. 1, which seeks blanket leave to treat any non-party North Chicago Police Officer as a hostile witness pursuant to Federal Rule of Evidence 611(c), is denied as premature and vague. Rule 611(c) instructs that leading questions generally are not desirable on direct examination, but that they may be proper on direct examination "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." *See also, Gonzalez v. Olson*, 2015 WL 3671641, at *15 (N.D. Ill. 2015). "A classic example of a witness identified with an adverse party is a police officer called as a witness in a § 1983 trial involving an incident in which he or fellow officers were involved." *Ratliff v. City of Chicago,* 2013 WL 3388745, at *6 (N.D. Ill. 2013); *see also, Ellis v. City of Chicago,* 667 F.2d 606, 612–13 (7th Cir. 1981). But at least as of now, Plaintiff has not made the necessary factual showing to support a ruling that every non-party North Chicago Police Officer he intends to call meets the above-described standard and should automatically be deemed a hostile witness. Should Plaintiff seek a ruling on specific, non-party North Chicago Police Officers expected to testify in Plaintiff's case-in-chief,[1] Plaintiff should

---

[1] Other than the named individual Defendant Officers in this case, Plaintiff's pretrial witness list contains only one individual affiliated with the North Chicago Police Department: "North

3

come to the pretrial conference prepared to identify each witness, his or her role in the incident in question, if any, and the anticipated substance of his or her testimony.

## II. Motion in Limine No. 2

Plaintiff's Motion in Limine No. 2 asks the Court to instruct the jury on the preponderance of the evidence standard and elements of the Plaintiff's claims prior to opening statements. This motion is granted without objection from Defendants. The Court asks that the parties confer and jointly submit proposed language for the aforementioned instructions, consistent with current Seventh Circuit Pattern Jury Instructions, prior to the February 1, 2022 pretrial conference.

## III. Motion in Limine No. 3

Plaintiff's Motion in Limine No. 3, which asks this Court to permit members of the jury to submit written questions following the examination of each witness, is denied, notwithstanding that Defendants do not object to it. In the Court's experience, the process of allowing jurors to pose questions to witnesses is more complicated than it seems at first blush. It requires each individual juror to reflect on a witness's testimony during the trial and before all the evidence is in and write down questions he or she may want to ask the witness, after which the Court must, collect the questions from the jurors, confer with counsel about those proposed questions, and

---

Chicago Police Department 30(b)(6) designee Lt. Diez." [ECF No. 59-1] at 1–2. To the extent Plaintiff's Motion in Limine No. 1 is directed specifically at Lt. Diez's testimony, it is not clear to the Court why a Rule 30(b)(6) designee should be treated as hostile under the parameters of Rule 611(c). But the Court intends to discuss this matter further at the pretrial conference with additional factual context.

rule on objections to them before any question is put to a witness. This exercise typically takes much more time than any benefit realized from it.

In addition, jurors sometimes get frustrated if they are they are told they may suggest questions only to have their questions not asked of a witness for reasons that the jurors, as primarily if not exclusively lay people, do not appreciate. It has been the Court's experience that allowing jurors to pose questions to witnesses results in one of two outcomes: a question that ultimately does not get asked because of a valid objection to the question, or a question that does get asked but does not materially advance the matters on which the jury ultimately needs to deliberate.

In addition, allowing jurors to submit written questions after every witness and the process of vetting those suggested questions in the manner described above has the potential to lengthen the trial, which currently is scheduled to last no more than one week. There already are enough obstacles to the efficient and safe running of a trial during the COVID-19 pandemic without adding another potential source of delay or frustration. Although the Court understands that other judges have allowed jurors to ask questions in particular cases, it does not see a strong upside in doing so in this case and it sees significant downside. For all the above reasons, the Court will not invite jurors to ask questions in a formalized way during the trial of this case.

### IV.    Motion in Limine No. 4

Plaintiff's Motion in Limine No. 4 to allow intermediate statements in between witness testimony also is denied. As a threshold matter, the Court does not think it is a productive use of precious trial time during the COVID-19 pandemic to allow the

5

interim statements that Plaintiff proposes, notwithstanding Defendants' lack of objection to the same. As with the proposal that the jurors be allowed to pose questions to witnesses, this proposal also will lengthen the trial for no corresponding productive purpose. This case is not overly complex and is scheduled to run just five trial days. It is not the kind of case that carries a significant risk of juror confusion or loss of focus if the parties do not periodically frame the issues for the jury as the case proceeds. Counsel will have an adequate opportunity during their opening statements and closing arguments to frame the issues in the way they want to frame them. In addition, in the Court's view, the kind of interim statements proposed here carry a real risk that the jury will begin the process of deliberating and evaluating the evidence, and the strengths and weaknesses of the parties' respective arguments, before all the evidence has been admitted and the jury has been instructed on the law. The Court, therefore, sees little benefit but serious downside in allowing the interim statements to the jury being proposed here.

## V. Motion in Limine No. 5

Plaintiff's Motion in Limine No. 5 seeking to bar "any opinion testimony expressed by any defendant or any other witness that the force used was reasonable and/or that Plaintiff's constitutional rights were not violated" is denied as overbroad and vague. The Court, however, intends to implement the following parameters regarding testimony elicited by both Plaintiff and Defendants on whether the force Defendant Officers used during the incident was reasonable.

It is well-established in the Seventh Circuit that "lay testimony offering a legal conclusion is inadmissible because it is not helpful to the jury, as required by Rule 701(b)." *United States v. Noel*, 581 F.3d 490, 2009 WL 2835428, at *4 (7th Cir. 2009). "This is because a lay witness's purpose is to inform the jury what is in the evidence, not to tell it what inferences to draw from that evidence." *Id*. In this case, the predominant issue the jury will be called upon to decide is whether Defendant Officers used excessive force against Plaintiff. So, although Defendant Officers will be given wide latitude to testify as to what they observed and did in response to Plaintiff's actions during the incident, neither Defendant Officers nor Plaintiff will be permitted to offer an opinion regarding the objective reasonableness of Defendant Officers' actions. To the extent Defendant Officers, as outlined in their response, intend to "testify or opine that their decision to use pepper spray was the least amount of force and reasonable in response to Plaintiff's actions," this testimony clearly is not admissible as proffered. [ECF No. 93] at 2. Again, Defendant Officers may describe the factual circumstances of Plaintiff's incident – what they saw, heard, felt, and did – but may not offer the ultimate legal opinion that their use of force was objectively reasonable in response to Plaintiff's actions. That is for the jury to decide. The Court intends to further address these parameters for lay witness testimony regarding Defendant Officers' allegedly excessive use of force with the parties at the pretrial conference.

VI. **Motion in Limine No. 6**

Plaintiff's Motion in Limine No. 6, which seeks to bar "any evidence, reference or argument concerning any speculation that Plaintiff was intoxicated or high before or during his encounter with the Defendants," also is overbroad as presented. It nevertheless is granted in part and denied in part. The Court offers the following guidance on what testimony or evidence may be elicited regarding Plaintiff's alcohol or drug use.

Evidence that Plaintiff used illegal drugs or drank alcohol to excess on a date other than the date of the incident in this case is not admissible. It has little to no probative value and a high risk of unfairly prejudicing Plaintiff in front of the jury. *See United States v. Spano,* 421 F.3d 599, 606 (7th Cir. 2005). The Court is not persuaded by Defendants' ancillary argument that Plaintiff's past use of marijuana may be relevant to his claim for emotional damages. Evidence of past illegal drug use or alcohol abuse is not admissible for any purpose under the facts of this case.

Evidence that Plaintiff either was intoxicated or under the influence of drugs on the date of the incident, however, weighs differently in the Court's view. If there is reason to believe that alcohol or marijuana seriously impaired Plaintiff's memory of the events on the date in question, or that substance use prevented Plaintiff from understanding the events at the time they occurred, evidence of his drug or alcohol use is admissible. *Spano*, 421 F.3d at 606. Similarly, if there is evidence that Plaintiff was under the influence of drugs or alcohol at the time of the incident, that may help "explain the facts and circumstances Defendants confronted before, during, and after the arrest." *Casares v. Bernal*, 790 F. Supp. 2d 769, 786 (N.D. Ill. 2011) (citing

8

*Graham v. Connor,* 490 U.S. 386, 397 (1989)). Defendants may therefore elicit percipient witness testimony regarding Plaintiff's condition and behavior at the time of the incident and at the DUI checkpoint where Plaintiff was stopped, or admit body worn camera regarding the same. Such evidence clearly is relevant to the facts and circumstances surrounding the confrontation between Defendants and Plaintiff that lies at the heart of this case, and its prejudicial impact is substantially outweighed by its probative value. FED.R.EVID. 403; *see also, Graham,* 490 U.S. at 397.

## VII. Motion in Limine No. 7

The Court construes Plaintiff's Motion in Limine No. 7 as a request to bar any mention of a specific, prior lawsuit in which Plaintiff was involved as a child, identified by Plaintiff as case number 13 CV 8955. So construed, Defendants do not object to Plaintiff's Motion in Limine No. 7. Nor does the Court. Plaintiff's Motion in Limine No. 7 is granted.

To the extent Defendants' response to Plaintiff's Motion in Limine No. 7 foreshadows Defendants' intention to attempt to introduce Plaintiff's prior arrests, criminal convictions, or other encounters with the police outside of the incident in question, the Court notes that it is not generally inclined to allow such evidence pursuant to Federal Rules of Evidence 403 and 404. But, if there is specific evidence Defendants seek to introduce regarding Plaintiff's history with law enforcement, Defendants should come to the pretrial conference prepared to address why Rules 403 and 404 do not preclude its admission. *See, e.g., Barber v. City of Chicago,* 725

9

F.3d 702, 709 (7th Cir. 2013); *Norris v. Bartunek*, 2017 WL 4556714, at *4 (N.D. Ill. 2017); *Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1024 (N.D. Ill. 2011).

## DEFENDANTS' MOTIONS IN LIMINE

The Court next addresses Defendants' six motions in limine. [ECF No. 83].

### I. Motion in Limine No. 1

Defendants' Motion in Limine No. 1, which asks this Court to bar Plaintiff from presenting damage-related evidence about lost income, is reserved for ruling. The Court needs more information before this issue is ripe for adjudication. For example, it is not clear from the parties' briefing, or from the contents of the proposed pretrial order in this case, what information Defendants requested in written discovery on this point, how Plaintiff responded, what Defendants did in light of that response, what inquiries Defendants made at Plaintiff's deposition about his employment history or loss of income, and why Plaintiff failed to include damages related to lost income in the proposed pretrial order if he in fact intends to seek such damages as a line item at trial.

### II. Motion in Limine No. 2

Defendants' Motion in Limine No. 2 asks the Court to bar Plaintiff, or any other lay witness, from providing medical opinion testimony. This motion is overly broad and too vague to adjudicate without the context of specific witness testimony. The Court therefore reserves ruling on Defendants' Motion in Limine No. 2 until the pretrial conference, or trial itself, but offers the following general parameters

10

regarding the permissible scope of lay witness testimony under Federal Rule of Evidence 701.

Federal Rule of Evidence 701 allows a lay witness to offer opinion testimony to that is rationally based on the witness's perception, helpful to clearly understanding the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FED.R.EVID. 701. Therefore, a lay witness is entitled to testify about his "own perceptions, including the physical and emotional effects of the defendants' alleged conduct." *Christmas v. City of Chicago,* 691 F.Supp.2d 811, 821 (N.D. Ill. 2010). A lay witness may not, however, offer medical opinions that require scientific, technical, or other specialized knowledge. *Cooper v. Dailey*, 2012 WL 1748150, at *7 (N.D. Ill. 2012) (plaintiffs, "as lay persons, may not testify as to any diagnosis or condition" but "may relate to the jury their condition following the incident based on their recollections and subject to cross-examination").

In the context of Plaintiff's testimony (which appears to be the primary subject of Defendants' Motion in Limine No. 2), the Court will allow Plaintiff to testify about his own perception of his physical and mental health before and after the incident. *See*, e.g., *Hendrickson v. Cooper,* 589 F.3d 887, 893 (7th Cir. 2009); *Macon v. City of Fort Wayne*, 2012 WL 3745375, at *8 (N.D. Ind. 2012) (collecting cases holding that a plaintiff in an excessive force can testify about his own symptoms). Other witnesses, including Defendant Officers and Plaintiff's family members, similarly may testify about their observations of Plaintiff's condition before, during, and after his arrest.

11

*See, e.g., Frazier v. Ind. Dep't of Labor,* 2003 WL 21254567, at *2 (S.D. Ind. 2003) ("lay witnesses may testify about their firsthand observations of his emotional distress and mental anguish and any physical manifestations attributed to such distress and anguish"). But no lay witness will be permitted to testify or opine as to the cause of Plaintiff's physical or mental health concerns, or offer a medical diagnosis of the same. *Hendrickson*, 589 F.3d at 892–93; *see also, Denton v. Ne. Ill. Reg'l Commuter R.R. Corp.,* 2005 WL 1459203, at *5 (N.D. Ill. 2005) ("[e]xpert testimony is generally required to establish a causal connection between an accident and an injury unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile"). If necessary, this issue can be raised again at the pretrial conference or in the context of specific witness testimony at trial.

### III.  Motion in Limine No. 3

Defendants' Motion in Limine No. 3, which seeks to bar Plaintiff from introducing evidence or testimony of any internal City of North Chicago orders, directives, policies or procedures, is granted in part and denied in part. As it pertains to Plaintiff's claims against the individual Defendant Officers, i.e. non-*Monell* claims, neither party will be permitted to introduce evidence that Defendant Officers did or did not follow North Chicago Police regulations, policies, or training procedures during the incident in question. The Seventh Circuit has consistently held that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). The violation of (or adherence to) police

regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established. *Id.*

The Court denies Defendants' Motion in Limine No. 3 with respect to Plaintiff's *Monell* claim, or at least reserves ruling, until specific exhibits are presented to the Court at the pretrial conference or in the context of trial.

### IV. Motion in Limine No. 4

Defendants' Motion in Limine No. 4 asks the Court to bar Plaintiff's criminal defense attorney, Julio Argueta, from testifying in Plaintiff's case-in-chief. This motion is denied as overbroad and premature. The Court needs additional information regarding the anticipated subject matter and scope of Mr. Argueta's testimony, which either can be addressed at the pretrial conference or in the context of specific objections to Mr. Argueta's testimony at trial.

### V. Motion in Limine No. 5

Defendants' Motion in Limine No. 5, which asks to bar any evidence or testimony that Defendant Officers were not disciplined by the North Chicago Police Department after the incident, is granted in part and denied in part. The Court incorporates its ruling regarding Defendants' Motion in Limine No. 3 on this point – evidence that Defendants did or did not follow internal North Chicago Police Department policies and procedures, or that Defendants were or not disciplined by the North Chicago Police Department for purportedly violating those procedures, is not relevant to the constitutional claims Plaintiff has brought against the individual Defendant Officers in this case. Such evidence may, however, be relevant to Plaintiff's

13

*Monell* claim. On the latter issue, if there is specific evidence that Plaintiff intends to introduce, the Court can either address it at the pretrial conference or in the context of trial.

### VI. Motion in Limine No. 6

Defendants' Motion in Limine No. 6, which seeks to bar testimony from four witnesses to other excessive force suits against the North Chicago Police Department, is reserved for ruling. The Court needs more information about the proffered testimony of each witness, what pretrial disclosures were or were not made for each witness, and the anticipated scope and subject matter of each witness's testimony, including whether it will be limited to Plaintiff's *Monell* claims or also introduced, as Plaintiff foreshadows, as Rule 404(b) evidence against individual Defendant Officers.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 20, 2022

14